IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOSE BONILLA GIRON,

Petitioner,

v. Civil Action No. 2:26-cv-585

PAUL PERRY, *et al.*,

Respondents.

**MEMORANDUM ORDER**

Petitioner Jose Bonilla Giron ("Petitioner"), a noncitizen and detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, alleging that he has been unlawfully detained and denied a bond hearing under 8 U.S.C. § 1226. Dkt. No. 1. Petitioner was taken into ICE custody and has been detained at the Caroline Detention Center. Dkt. No. 1. Petitioner asks this Court to order his release from ICE custody or, in the alternate, to order a bond hearing under 8 U.S.C. § 1226.

Given the apparent similarities between this case and others pending before the Court, the Court ordered Respondents to file a notice indicating whether the factual and legal issues presented in the present Petition differ in any material fashion from those presented in *Duarte Escobar v. Perry, et al.*, 807 F. Supp. 3d 564 (E.D. Va. 2025). In response, Respondents notified the Court that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Duarte Escobar*" and the Respondents incorporate their arguments from that case into the record here. Dkt. No. 6; *see Duarte Escobar*, No. 3:25-cv-758, Dkt. No. 18. On June 15, 2026, this Court then entered an Order granting the Petition and ordering that Petitioner be provided a bond hearing pursuant to 8 U.S.C. §1226(a) within three days of the

Order. Dkt. No. 7. The Court further ordered Respondents to file a status report with the Court within three days of the bond hearing, stating whether Petitioner had been granted bond, and, if his request for bond was denied, the case specific-reasons given by the Immigration Judge for that denial. *Id.*

On June 22, 2026, Respondents notified this Court that Petitioner received a bond hearing on June 18, 2026, at which time Petitioner was denied bond as a flight risk. Dkt. No. 9. According to Respondents, the Immigration Court based its conclusion on the fact that Petitioner failed "to submit any documents to support his request for bond." *Id.* On July 13, 2026, Petitioner filed a Motion to Enforce, Dkt. No. 10, asserting that he did not have adequate notice of the bond hearing and thus did not have "sufficient time to prepare" it, including the opportunity to retain counsel. *Id.* at 1. In response, this Court ordered Respondents to file a notice explaining why Petitioner's bond hearing complied with the Due Process Clause of the Fifth Amendment or to provide Petitioner with another bond hearing after giving him no less than twenty-four hours' notice and a constitutionally adequate opportunity to be heard. Dkt. No. 11. On August 12, 2026, Respondents filed a notice explaining in relevant part that "[u]nder the circumstances . . . and given the Court's concerns," Respondents scheduled a second bond hearing for August 17, 2026, "to ensure that Petitioner ha[d] sufficient time to receive notice of the hearing and to collect the necessary evidence." *Id.* at 2. At the time of this Order, Respondents have not notified the Court that the bond hearing occurred or advised what the outcome was.

Accordingly, Respondents are ORDERED to file a status report with this Court within three (3) days of this Order, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the case-specific reasons given by the Immigration Judge for that denial. It is FURTHER ORDERED that Petitioner's Motion to Enforce, Dkt. No. 10, is DENIED AS MOOT.

Let the Clerk of the Court send a copy of this Final Order to all counsel of record and to Petitioner at his address of record.

It is SO ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: October 7, 2026